ANNE M. VOIGTS (SBN 220783)
avoigts@kslaw.com
**KING & SPALDING LLP**
601 S. California Avenue, Suite 100
Palo Alto, CA 94304
Telephone: (650) 422-6700
Facsimile: (650) 422-6800

DAVID L. BALSER (*pro hac vice forthcoming*)
dbalser@kslaw.com
ROBERT D. GRIEST (*pro hac vice forthcoming*)
rgriest@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 542-5100

*Attorneys for Defendant*
*DAVITA INC.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DAVITA, INC.,<br><br>Defendant. | Case No. **'23CV1424 AJB BLM**<br><br>**DEFENDANT DAVITA INC.'S NOTICE OF REMOVAL**<br><br>[Superior Court of California, County of San Diego, Case No. 37-2023-00025611-CU-PO-CTL]<br><br>Action Filed:   June 16, 2023<br>Removal Filed: August 3, 2023<br><br>Trial Date:      None Set |

NOTICE OF REMOVAL

## NOTICE OF REMOVAL

Defendant DaVita Inc. ("DaVita") removes this putative class action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and based on the below facts and allegations, which show that this case may properly be removed to this Court.

## JURISDICTIONAL STATEMENT

This Court has original jurisdiction over the the instant case under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA"). As alleged in Plaintiff's Complaint, the putative class contains at least 100 class members; at least one member of the putative class is a citizen of a State different from that of any defendant; and the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

## BACKGROUND AND PLAINTIFF'S COMPLAINT

1. Plaintiff Jane Doe ("Plaintiff") filed this case on June 16, 2023, in the Superior Court of California, County of San Diego, Case Number 37-2023-0025611-CU-PO-CTL, styled as *Jane Doe v. DaVita, Inc.* (the "State Court Action").

2. A true and correct copy of the Complaint in the State Court Action ("Complaint" or "Compl.") is attached as Exhibit A. Plaintiff served DaVita with the Complaint on July 5, 2023, making this removal timely.

3. The Complaint asserts the following claims: (1) Violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630, *et seq.*; (2) Violation of the California Confidentiality of Medical Information Act ("CMIA"), Cal. Civ. Code § 56, *et seq.*; (3) Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (4) Invasion of Privacy under California's Constitution; (5) Common Law Invasion of Privacy – Intrusion Upon Seclusion; (6) Common Law Invasion of Privacy – Publication of Private Facts; and (7) Breach of

Confidence.  *See generally* Compl.

4.   The foregoing claims all arise from DaVita's alleged use of certain web analytics tools, including the Meta (formerly known as Facebook) Pixel and other similar technologies.  Compl. ¶¶ 7, 12.

5.   Plaintiff claims that, in using these tools on its website, DaVita allegedly failed to disclose that it shared her "sensitive and confidential communications and Private Information with Facebook," thereby breaching its statutory and common law obligations by "(i) failing to adequately review its marketing programs and web-based technology to ensure [DaVita's] Website was safe and secure; (ii) failing to remove or disengage technology that was known and designed to share web-users' information; (iii) failing to obtain the written consent of Plaintiff and Class Members to disclose their Private Information to Facebook or others; (iv) failing to take steps to block the transmission of Plaintiff's and Class Members' Private Information through Facebook Pixels; (v) failing to warn Plaintiff and Class Members; and (vi) otherwise failing to design and monitor its Website to maintain the confidentiality and integrity of patient Private Information."  Compl. ¶¶ 22-23.

6.   As a result, Plaintiff claims that she and the putative class suffered: "(i) invasion of privacy; (ii) loss of benefit of the bargain, (iii) diminution of value of the Private Information, (iv) statutory damages, and (v) the continued and ongoing risk to their Private Information."  Compl. ¶ 24.

7.   Plaintiff seeks to certify a class of all "California citizens who, during the Class Period, were patients of DaVita and used DaVita's Website."  Compl. ¶ 157.

8.   Plaintiff, on behalf of herself and the putative class, seeks actual or statutory damages, punitive damages, prejudgment interest on any amounts awarded, injunctive relief as the Court may deem proper, and reasonable attorneys' fees and expenses.  Compl. at 59.

9. Based on the allegations of the Complaint, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because DaVita has satisfied the procedural requirements for removal, and Plaintiff's allegations indicate that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**THE COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA**

10. This Court has original jurisdiction over the State Court Action, and the case may be removed to this Court pursuant to CAFA.

11. CAFA expanded federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where the putative class contains at least 100 class members; any member of the putative class is a citizen of a State different from that of any defendant; and the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

**A.  The Putative Class Exceeds 100 Members.**

12. Plaintiff purports to assert claims on behalf of a putative class of "thousands of individuals" who used DaVita's website. Compl. ¶ 160.

13. Accordingly, as alleged in the Complaint, the aggregate number of putative class members is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B). *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (holding that "'hundreds,' by definition, means at least 200"); *Tompkins v. Basic Research LLC*, No. S–08–244 LKK/DAD, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (holding CAFA numerosity satisfied because the plaintiff's allegation of "a class of 'thousands of persons'" implies "a logical minimum of 2,000 class members").

14. Accordingly, the aggregate number of putative class members is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.  Minimal Diversity Exists.**

15. Under CAFA, only one member of the putative class needs to be diverse

from any defendant to satisfy the minimal diversity required to confer original federal jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]") (emphasis added).

16. Plaintiff alleges that DaVita is a "Colorado-based dialysis treatment center[.]" Compl. ¶ 30. Further, DaVita is incorporated in Delaware. *See* Delaware Sec'y of State Website, *Entity Details for DaVita Inc.* (File No. 2391269), available at https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx; *Lopez v. Nationstar Mortg. LLC*, No. CV1503288MWFAJWX, 2015 WL 12819177, at *2 (C.D. Cal. Sept. 30, 2015) (taking judicial notice of entity's state of incorporation).[1]

17. Plaintiff alleges that she "is an[ ] adult citizen of the State of California and is domiciled in San Diego County, California" and seeks to certify a class of all "California citizens" who were patients of DaVita and used DaVita's website. Compl. ¶¶ 29, 157.

18. Because at least one member of the putative class is diverse from DaVita, the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A) is satisfied.

**C.    The Amount in Controversy Exceeds $5 Million.**

19. Under CAFA, federal district courts have original jurisdiction where, among other things, the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

20. To satisfy this requirement, a defendant's notice of removal "need not contain evidentiary submissions"; all that is required is "a plausible allegation that

---

[1] As a corporation, DaVita is a citizen of the States in which it is incorporated and where it maintains its principal place of business—here, Delaware and Colorado, respectively.

4
NOTICE OF REMOVAL

the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014); *see Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (CAFA's amount-in-controversy requirement is satisfied where "it is reasonably possible that the potential liability exceeds $5 million").

21. Further, where a "plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84.

22. For Plaintiff's alleged CIPA claim (just one of seven causes of action in the Complaint), Plaintiff asserts that DaVita is liable for "statutory damages in the amount of $5,000 per violation." Compl. ¶ 178.

23. Based on this allegation alone, the amount in controversy based on a class of at least two thousand individuals (Compl. ¶ 160) would exceed $5,000,000 in the aggregate. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

24. Moreover, with respect to her claim under the CMIA, Plaintiff seeks (among other relief) nominal damages of $1,000 for herself and each member of the putative class. Compl. ¶¶ 37, 191.

25. Accordingly, the amount in controversy element of CAFA is easily met here.[2]

---

[2] While Plaintiff's Complaint is sufficient to support removal under CAFA, DaVita specifically denies Plaintiff's allegations and denies that Plaintiff's claim may be certified as a class action. Further, DaVita reserves the right to present additional evidence concerning Plaintiff's purported damages and the other elements of Plaintiff's requested relief, including the value of any injunctive relief sought, should Plaintiff contend that the amount-in-controversy requirement is not met.

5
NOTICE OF REMOVAL

# THE PROCEDURAL REQUIREMENTS
# FOR REMOVAL ARE SATISFIED

26. DaVita is removing the State Court Action to the United States District Court for the Southern District of California because Plaintiff originally filed this case in the Superior Court of California, County of San Diego, a state court located within the Southern District of California. Accordingly, this Court is in the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

27. Removal is also timely. Plaintiff served DaVita with this lawsuit on July 5, 2023. *See* Exhibit B (summons and proof of service). Accordingly, DaVita filed this Notice of Removal within 30 days of the service of the Complaint, making removal timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipestringing, Inc.*, 526 U.S. 344, 347-48 (1999). No previous application has been made for the relief requested herein.

28. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served" on DaVita is attached as Exhibits A through C.[3] Pursuant to 28 U.S.C. § 1446(d), DaVita will serve a copy of this Notice upon counsel for Plaintiff, and it will file a copy with the Superior Court of California, County of San Diego.

29. DaVita has not yet filed a responsive pleading in this case, and it reserves all rights to assert any and all defenses with respect to the Complaint. Additionally, DaVita reserves the right to amend or supplement this Notice.

30. For the foregoing reasons, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

---

[3] Exhibit A contains the Complaint and Cover Sheet. Exhibit B contains the summons and proof of service. Exhibit C contains the state court docket sheet and all other pleadings and orders filed to date.

# CONCLUSION

WHEREFORE, DaVita removes this action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b).

DATED: August 3, 2023                KING & SPALDING LLP


By: */s/ Anne M. Voigts*
ANNE M. VOIGTS (SBN 220783)
avoigts@kslaw.com
KING & SPALDING LLP
601 S. California Avenue, Suite 100
Palo Alto, CA 94304
Telephone: (650) 422-6700
Facsimile: (650) 422-6800

DAVID L. BALSER (*pro hac vice forthcoming*)
dbalser@kslaw.com
ROBERT D. GRIEST (*pro hac vice forthcoming*)
rgriest@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 542-5100

*Attorneys for Defendant DAVITA INC.*

NOTICE OF REMOVAL