UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I and JANE DOE II, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVITA INC.,<br><br>Defendant. | Case No.: 23-cv-01424-AJB-BLM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>**(Doc. No. 21)** |

    Presently pending before the Court is Defendant Davita Inc.'s motion to dismiss Plaintiffs Jane Doe I and Jane Doe II's First Amended Class Action Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 21.) Plaintiffs filed an opposition to the motion to dismiss, (Doc. No. 25), to which Defendant replied, (Doc. No. 26). The parties have also each respectively filed a notice of supplemental authority. (Doc. Nos. 28, 29.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the instant matter suitable for determination on the papers and without oral argument. For the reasons stated herein, the Court **GRANTS** the motion to dismiss Plaintiffs' FAC.

///

///

## I.  BACKGROUND[1]

Plaintiffs are California residents and have been patients of DaVita since approximately 2022. (FAC, Doc. No. 18, ¶¶ 23–24.) Plaintiffs began using Defendant's website, app, and/or any corresponding patient portals it made available to its patients (collectively, the "Online Platforms") in conjunction with and to obtain the medical treatments and services they respectively received from Defendant. (*Id.*) Plaintiffs allege Defendant purposely installed tracking technologies on its Online Platforms, including but not limited to Facebook Pixel, Facebook SDK, Facebook Conversions API, Google Analytics, Google Tag Manager, DoubleClick, and related tools (collectively, "Tracking Technologies"), and programmed specific webpages to surreptitiously share its users' personally identifiable information ("PII") and protected health information ("PHI") (collectively, "Private Information"). (*Id.* ¶¶ 2, 40.) The FAC further alleges these Tracking Technologies "followed, recorded, and disseminated patients' information as they navigated and communicated with DaVita via the Online Platforms, simultaneously transmitting the substance of those communications to unintended third parties." (*Id.* ¶ 41.) Additionally, Plaintiffs contend the information disseminated by the Tracking Technologies constitutes private information, including medical information requested or viewed by patients, the title of any buttons they clicked, the exact phrases users typed into text boxes, selections they made from drop-down menus or while using filtering tools, and other sensitive and confidential information. (*Id.* ¶ 42.)

The FAC alleges that because the information that Facebook received from the Tracking Tools was linked and connected to patients' Facebook profiles, the information collected and disclosed by the Tracking Tools is not anonymous. (*Id.* ¶¶ 44–45.) Similarly, Plaintiffs assert Google stores users' logged-in identifier, which is associated with the data

---

[1] The facts incorporated herein are taken from Plaintiff's FAC and are construed as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

it collects from the user's browsing activities on that website and uses this data for serving personalized ads. (*Id.* ¶ 46.)

Plaintiffs bring seven claims for violations of (1) the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 631(a); (2) the California Confidentiality of Medical Information Act ("CMIA"), Cal. Civ. Code § 56, *et seq.*; (3) the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; (4) Invasion of Privacy under the California Constitution; (5) invasion of privacy – intrusion upon seclusion; (6) invasion of privacy – publication of private facts; and (7) breach of confidence. (*See generally* FAC.) Defendant moves to dismiss all seven claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences

in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

## III. DISCUSSION

Underlying each of Plaintiffs' claims is the overarching theory that Defendant collected patients' personal and sensitive medical information on the Online Platforms and that this information was improperly shared with the Tracking Technologies without patients' consent. Defendant moves to dismiss Plaintiffs' FAC on the basis that Plaintiffs ultimately fail to allege any disclosure of their PHI. (Doc. No. 21 at 14.) Defendant further moves to dismiss each of Plaintiffs' claims for failure to state a claim. (*See generally id.*) The Court only addresses the arguments necessary to resolve the motion.

Plaintiffs assert that because DaVita's Online Platform users were patients seeking dialysis treatment, "[b]y definition, this not only reveals the type of medical treatment they sought and received, it also reveals that they have chronic kidney disease." (Doc. No. 25 at 11.) Moreover, "Plaintiffs used the Website as patients, not members of the general public, and the class is comprised of *patients*, not the general public at large . . . ." (*Id.* at 12.)

However, Plaintiffs allege in a conclusory manner that Defendant disclosed to Meta their personal, confidential, and sensitive medical information; medical treatment; and payment information. (FAC ¶¶ 138, 152.) These allegations are devoid of any facts supporting their contention that these activities took place. For example, Plaintiff Doe I merely states she "accessed and used [Defendant's] Online Platforms on her phone and desktop computer to submit a grievance to the Defendant about misdiagnosing her, to research different types of dialysis, to watch a series of videos the Defendant requires in order to receive treatment, to research recipes for her particular dialysis diet, and to locate the facility she'd be going to for treatment." (*Id.* ¶ 138.) Plaintiffs also do not explain what specific information they provided to Defendant. Plaintiffs cannot maintain their theory of the case absent this factual support. While Plaintiffs provide an example of a search by a hypothetical patient, (FAC ¶¶ 71–88), they fail to state what information they each provided to Defendant, via their browsing activity, that was subsequently disclosed to

Meta. *Cousin v. Sharp Healthcare* ("*Cousin I*"), No.: 22-cv-2040-MMA (DDL), 2023 WL 4484441, at *3 (S.D. Cal. July 12, 2023); *see B.K. v. Eisenhower Med. Ctr.*, No. EDCV 23-2092 JGB (KKx), 2024 WL 878100, at *4 (C.D. Cal. Feb. 29, 2024) (dismissing CMIA, UCL, and invasion of privacy claims for failure to allege "what, if any, medical information or medical records were transmitted or disclosed"); *Doe v. Amgen, Inc.*, No. 2:23-cv-07448-MCS-SSC, 2024 WL 575248, at *2 (C.D. Cal. Jan. 29, 2024) ("It is not enough for Plaintiff to plead conclusory allegations that Defendant violated her privacy without offering any facts that her information was collected and then improperly disclosed to unauthorized third parties"); *In re Meta Healthcare Pixel Litig.*, No. 22-cv-03580-WHO, 2024 WL 3338833, at *1 (N.D. Cal. Jan. 29, 2024 (denying motion to dismiss based in part on finding the plaintiffs plausibly pled their privacy-based claims, where "plaintiffs identify the specific types of information they provided to their healthcare providers that they believe Meta collected without their consent[,]" including "the health conditions for which they sought treatment or services, as well as examples of their queries, appointment requests, or other information and services which they communicated with their providers").

For these reasons, the Court **DISMISSES** all of Plaintiffs' claims with leave to amend.

### IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion to dismiss **WITH LEAVE TO AMEND**. Should Plaintiffs desire to amend their complaint, they must file a second amended complaint no later than May 9, 2024. Defendant must file a responsive pleading no later than May 23, 2024.

**IT IS SO ORDERED.**

Dated:  April 24, 2024

Hon. Anthony J. Battaglia
United States District Judge